## AMOS MORRILL v. C. A. HOPKINS.

1. If two-thirds of the purchase-money for property used as a homestead had been paid previous to the death of a married woman, her issue were entitled in equity to an interest of one-half of two-thirds of the property, by virtue of the law of descent and distribution; and if, after her death, the remainder of the purchase-money was paid out of means belonging to the community estate, and the deed was taken in the name of the surviving husband, then he would hold one-half of the property in trust for the children; and all purchasers with notice of the trust, would take no title as against the beneficiaries.

2. The homestead of a family cannot be sold without the consent of the wife, except for the payment of the purchase-money; but, after the death of the wife, the surviving husband has a right, which the heirs cannot defeat, to change the homestead of his family; and when the homestead is so changed, the abandoned place is subject to the same law as other

property, and if it be community property, and be sold for the payment of community debts, the purchaser takes a good title.

3. When a married woman dies intestate, her community interest descends alike to all her children, whether by the same or by several husbands.

APPEAL from Travis.    Tried below before the Hon. J. P. Richardson.

There is no occasion for a statement of the facts.

*Terrell & Walker*, and *Hancock & West*, for appellant.

*N. G. Shelley*, for appellee.

WALKER, J.   The law of this case may be briefly stated.   At the death of Mrs. Jane Hopkins, two-thirds of the purchase-money for the property in controversy, had been paid.   The interest of her heirs was then, in equity, equal to the one-half of two-thirds of the property; not by virtue of the homestead right, but by virtue of the law of descent and distribution.

If, after the death of Mrs. Hopkins, A. N. Hopkins paid the remainder of the purchase-money out of means belonging to the community estate, or, in other words, of means belonging to himself and Mrs. Hopkins' children, taking the deed in his own name, he then held one-half the property for the children of Mrs. Hopkins, in trust.

But the whole of the property was subject to the payment of community debts.

Purchasers under notice of the trust, would take no title as against the beneficiaries.

There is little necessity for any discussion of the doctrine of homestead, in this case ; there can be no doubt of the right of the surviving parent to change the homestead, and when so changed, the abandoned place is subject to the same law as other property.

So long as the property in controversy remained the homestead of the family, it could not be sold without the consent of

the wife, except for the purchase-money; but, at her death, Hopkins had a right, which Mrs. Hopkins' heirs could not gainsay, to change the homestead of his family. Their right was under the law of inheritance, and if the property was sold to pay community debts, the purchaser took a good title.

We do not feel sure that this case was not correctly decided in the court below, but there is at least a want of fullness in the charge of the court, and some inaccuracies in stating the law to the jury; besides, if the appellees in this case are entitled to recover, there is a want of parties.

Mrs. Hopkins dying intestate, each one of her children, whether by Hopkins or by a previous marriage, is entitled to equal participation in the inheritance.

The judgment of the District Court is therefore reversed and the cause remanded, to be proceeded in in accordance with this opinion.

Reversed and remanded.